Aaron Coleman EASTERWOOD,
Plaintiff In Error,

v.

The STATE of Oklahoma, Defend-
ant In Error.

No. A–14356.

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1968.

Mac Oyler and Clay Wise, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, Ralph Steen, Asst. Municipal Counselor, Oklahoma City, for defendant in error.

NIX, Presiding Judge:

Plaintiff in error, Aaron Coleman Easterwood, hereinafter referred to as the defendant, was charged by information in the Municipal Criminal Court of Record in the City of Oklahoma City with the offense of Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor. He was tried by a jury, found guilty, and his punishment assessed at 90 days in jail, and a fine of $100.00. From that judgment and sentence he has appealed to this Court.

In order to meet the increased burdens of a huge caseload, this Court has found it increasingly necessary to implement the provisions of 20 O.S. § 47, as amended by S.B. 450, § 2, the same providing:

"In a misdemeanor case, where a careful reading of the briefs of the appellant and the State, as well as a careful examination of the record or casemade, discloses no reversible error, and where there is ample evidence to support the verdict of the jury (or judgment of the court in absence of the jury), and judgment rendered, this Court may affirm such judgment by summary order, or brief statement, or by opinion of length, as the Court may see fit."

We feel this is a case where it is unnecessary to recite the evidence or the law, but

that in order to speed up the disposition of the many cases pending on appeal, the case should properly be disposed of by memorandum opinion, as authorized by the Legislature, 20 O.S. § 47, supra.

We have carefully examined the record and briefs of counsel and are of the opinion that the evidence support the findings of the Judge, and the record is free from fundamental error. We are of the opinion that the judgment and sentence appealed from should be, and the same is hereby

Affirmed.

BUSSEY and BRETT, JJ., concur.